State v. Strauss.

---

### THE STATE v. CHARLES STRAUSS.

A person convicted for an escape or attempt to escape from prison may be punished therefor by imprisonment in a jail or prison other than that from which he escaped or attempted to escape.

On *habeas corpus*.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the prisoner, *Abner Kalisch*.

For the state, *Oscar Kean*.

The opinion of the court was delivered by

VAN SYCKEL, J.   Charles Strauss, the petitioner, was sentenced to confinement at hard labor in the state's prison, for the term of two years, for an attempt to escape from the Essex

county penitentiary.   He applies for his discharge on the ground that the sentence is illegal, under section 194 of the Crimes act.   *Rev., p.* 261.   That section provides that "if any offender sentenced to imprisonment, whether with or without hard labor, shall escape, he or she shall, on conviction, suffer such additional confinement, with or without hard labor, as the court shall direct."

Section 193 makes the attempt to escape punishable to the same extent as the escape itself.

It is insisted that the words "additional confinement," in section 194 imply that the offender, on conviction for an escape, must be returned to the prison whence he has escaped, and there undergo the additional confinement.   Section 194 expressly relates to offenders sentenced to imprisonment, either with hard labor or without hard labor.   If imprisoned without hard labor, the incarceration is in the county jail; if with hard labor, it is in the state's prison or the county penitentiary.   It applies, therefore, manifestly to all escapes, whether from the county jail, penitentiary or state's prison.

On conviction the additional confinement shall be with or without hard labor, as the court shall direct.   It is competent for the court, when the escape has been from the county jail, to punish by imprisonment at hard labor—that is, in the state's prison—and when the escape has been from the state's prison to require the additional confinement to be undergone without hard labor in the county jail.   The court will be deprived of the right to exercise this discretion, which is expressly granted to it, if it is held that the convict must, for the escape, be imprisoned in the prison whence he escaped.

Full effect may be given to all the language of the section by holding that the words "additional confinement" mean "added punishment," and that they have no reference to place. The discretion left to the court in section 194 does not make the section unconstitutional.   If the court, in the exercise of its discretion, should impose a cruel or an unusual punishment, the judgment would be illegal.

If this were otherwise it would not avail the petitioner.

Section 193 makes the attempt to commit a crime punishable by ten years at hard labor, provided that the punishment in no case shall be greater than that for the actual commission of the crime attempted.

Section 12 of the Crimes act provides a penalty of three years at hard labor for breaking prison. In this case that limit was not exceeded and the judgment was therefore legal. The prisoner should be remanded to custody.